Sarah M. SPAETH, Plaintiff-Appellee,

v.

UNION OIL COMPANY OF CALIFORNIA, a corporation,
Defendant-Appellant.

No. 84–1766.

United States Court of Appeals,
Tenth Circuit.

May 24, 1985.

H.B. Watson, Jr. (Richard K. Books and Sharon L. Taylor, with him on briefs), all of Watson & McKenzie, Oklahoma City, Okl., for defendant-appellant.

Robert J. Emery, Oklahoma City, Okl. (James M. Gaitis of Emery McCandless & Gaitis, P.C. and Harry H. Selph, II and Stephen R. Stephens of Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Okl., with him on briefs), for plaintiff-appellee.

Before McKAY, BREITENSTEIN and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This case is before the court for the second time. See *Spaeth v. Union Oil*

*Company of California,* 10 Cir., 710 F.2d 1455. The only question raised on the appeal is the amount of punitive damages. On the first appeal we held that the plaintiff-appellee, Spaeth, was entitled to recover punitive damages. Id. at 1460. This is the law of the case. *Major v. Benton,* 10 Cir., 647 F.2d 110, 112. The jury had awarded $3,000,000.00 in punitive damages and actual damages of $22,807.00. *Spaeth,* supra, 710 F.2d at 1458. We said that "the punitive award shocks our collective judicial conscience." Id. at 1460, and remanded the case saying, Id.:

> "In the exercise of our power under 28 U.S.C. § 2106, we remand the case to the district court with directions (1) to enter a judgment for the plaintiff and against the defendant in the amount of $17,542 for actual damages, (2) to set aside and vacate the award of punitive damages, (3) to order a remittitur of a substantial amount in punitive damages with due consideration to the amount needed to punish the defendant in the particular circumstances presented, and (4) if the plaintiff does not accept the remittitur, to hold a jury trial solely on the amount of punitive damages."

On remand, the trial court said, R. Vol. IX, pp. 612–613:

> "The Court has considered the record presented at trial, including the relative economic positions possessed by the plaintiff and the defendant, the fact that the plaintiff was assisted in this litigation by another, the fact that the defendant asserted as a defense that it held a 'license to drain gas,' (Opinion of the Circuit Court, p. 6), the fact that the defendant offered no explanation prior to the commencement of this action for its failure to fully develop the leasehold estate held by it, and the fact that the defendant's leasehold estate has been cancelled in part and it is now subject to an award of punitive damages. Upon consideration of these factors, and the record as a whole, this Court finds that the defendant's actions towards the plaintiff were particularly egregious and a substantial award of punitive damages is warranted

so as to impress upon the defendant a responsibility to deal fairly with its royalty interest holders. Accordingly, the plaintiff is hereby directed to remit one million dollars of the punitive damages awarded by the jury within fifteen days hereof."

The record sustains the findings of the trial court.

The plaintiff remitted One Million Dollars. R. Vol. IX, p. 614. Judgment was entered for an award of Two Million Dollars as punitive damages. R. Vol. IX, p. 619.

The court found that the defendant's net worth as of September 30, 1980, as shown by its Form 10–Q filed on November 13, 1980, with the Securities and Exchange Commission was approximately three and one-third billion dollars. R. Vol. II, p. 292.

The Oklahoma statute on punitive damages, 23 O.S. § 9, provides:

> "In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

The underlying purpose of the statute is to set an example and to punish the defendant for the general benefit of the public. *Garland Coal & Mining Company v. Few,* 10 Cir., 267 F.2d 785, 790; *Thiry v. Armstrong World Industries,* Okl., 661 P.2d 515, 517. Punitive damages need bear no relation to the actual damages awarded, but they must bear some relation to the injuries inflicted. *Garland,* supra, 267 F.2d at 791; *Cates v. Darland,* Okl., 537 P.2d 336, 340. The wealth of the defendant and the risk created by the defendant's conduct are substantial factors to be considered in calculating punitive damages. *Thiry,* supra, 661 P.2d at 518–519; *Smith v. United States Gypsum Co.,* Okl., 612 P.2d 251, 255. Under Oklahoma law punitive damages may be recovered in conjunction with nominal actual damages. *Bea-*

*vers v. Lamplighters Realty, Inc.,* Okl. App., 556 P.2d 1328, 1333; *Moyer v. Cordell,* 204 Okl. 255, 228 P.2d 645, 650–651.

The defendant's conduct in maliciously allowing drainage of plaintiff's gas and in opposing her attempts to obtain relief, together with its net worth of three and one-third billion dollars, must be considered along with the injury inflicted, breach of an oil and gas lease implied covenant to protect against drainage. The trial court felt that the conduct of the defendant was so egregious that an award of Two Million Dollars in punitive damages was justified and necessary to punish the defendant. R. Vol. IX, pp. 612–613. We cannot say that the trial court abused its discretion.

Affirmed.